J-S75010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
BRANDON TREMAYNE PIERCE :
:
Appellant : No. 477 EDA 2018

Appeal from the PCRA Order January 18, 2018
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0007038-2011

BEFORE: PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.: **FILED JUNE 24, 2019**

Brandon Tremayne Pierce appeals from the order dismissing, after a hearing, his amended petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Appellant claims ineffective assistance of trial counsel. We affirm on the basis of the PCRA court opinion.

In its opinion, the PCRA court fully and correctly sets forth the relevant facts and procedural history of this case. *See* PCRA Court Opinion, 5/08/18, at 1-3; *see also* Trial Court Opinion, 3/07/14, at 1-9. Therefore, we have no reason to restate them at length here.

For the convenience of the reader, we note briefly that a jury convicted Appellant of murder of the first degree and related offenses. Appellant's conviction arose out of the shooting death of his sometime paramour, D. D. She was sixteen. Appellant was nineteen.

The Commonwealth presented evidence that Appellant lured D.D. into an alleyway where they had previously met for sexual encounters. Text messages D.D. sent to friends confirmed the plan. Neighbors saw D.D. and Appellant enter the alleyway. However, once they were together, Appellant shot her.

Appellant believed D.D. had arranged for Appellant to be robbed in his home several weeks earlier. During the robbery, the assailants shot at Appellant. Appellant confessed killing D.D. to a friend. His DNA was found on the grip of the handgun that was determined to be the murder weapon.

At trial, Appellant testified in his own defense. He claimed that once he and D.D. were together in the alleyway, he was hit from behind by someone who was trying to rob him, again, through D.D. Furthermore, Appellant stated that it was the third party assailant who shot D.D. out of frustration, because Appellant had no money. After shooting D.D., Appellant claimed that the assailant poured bleach over Appellant.

Even though it was mid-July, Appellant was wearing multiple layers of clothing. Neighbors confirmed that Appellant left the alleyway in different clothes than when he entered.

After conviction, the court sentenced Appellant, *inter alia*, to life without parole. This Court affirmed the judgment of sentence. **See Commonwealth v. Pierce**, 113 A.3d 339 (Pa. Super. filed November 3, 2014) (unpublished

memorandum). Our Supreme Court denied allowance of appeal. *See Commonwealth v. Pierce*, 116 A.3d 604 (Pa. 2015).

On March 11, 2016, Appellant filed a timely PCRA petition. The court appointed counsel, who filed an amended petition. The court denied the petition after a hearing on October 3, 2017. *See* Order, 1/18/18; *see also* N.T. Hearing, 10/03/17. This timely appeal followed.[1]

Appellant presents three claims of ineffectiveness for our review:

Whether [A]ppellant is entitled to relief pursuant to the Post-Conviction Relief Act in the form of a new trial because trial counsel rendered ineffective assistance by the following:

1. Failing to investigate, interview, and call available character witnesses, Darchelle Pierce and Craig Gissendanner, who would have testified that appellant had a reputation in the community for being a truthful, peaceful, non-violent person without a reasonable strategic basis, and that the admission of the evidence prejudiced appellant in a manner that the outcome of the trial could have been different had this evidence been presented to the jury[?];

2. Opening the door to the admission of prior bad act evidence, and failing to object, and/or request a cautionary jury instruction when the prosecutor elicited testimony that appellant previously sold drugs, after [the trial c]ourt ruled this to be inadmissible evidence[?]; and

3. Failing to request that DNA evidence seized herein be tested against the DNA of Cory Collins, Bryant James, and Abdul Timbo[?]

Appellant's Brief, at 4.

_____

[1] Appellant filed a timely statement of errors on March 22, 2018. The PCRA court filed an opinion, on May 8, 2018. *See* Pa.R.A.P. 1925.

- 3 -

Appellant's three claims on appeal all assert ineffective assistance of counsel. We proceed by determining whether the PCRA court's factual findings are supported by the record. *See Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012). In doing so, we read the record in the light most favorable to the prevailing party. *See id*. If this review reveals support for the PCRA court's credibility determinations and other factual findings, we may not disturb them. *See id*. We, however, afford no deference to the PCRA court's legal conclusions. *See id*.

"It is well-established that counsel is presumed effective, and a PCRA petitioner bears the burden of proving ineffectiveness." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779-780 (Pa. Super. 2015) (citations omitted). To prove ineffectiveness, a petitioner must establish his underlying claim has arguable merit; no reasonable basis existed for counsel's failure to raise these claims; and he suffered prejudice as a result of counsel's inaction. *See Commonwealth v. VanDivner*, 178 A.3d 108, 114 (Pa. 2018). "The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs." *Commonwealth v. Natividad*, 938 A.2d 310, 321 (Pa. 2007) (citation and internal quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the PCRA court, we conclude that there is no merit to any of the issues Appellant has raised on appeal. The PCRA court's opinion properly disposes of the questions presented. *See* PCRA

Court Opinion, 5/08/18, at pp. 4-11, concluding: (1) trial counsel had reasonable bases for declining to call Appellant's mother, Darchelle Pierce, and his friend, Craig Gissendanner, as character witnesses, where he determined that Pierce was too emotionally devastated to be effective as a character witness; Gissendanner had little to offer and had a prior criminal history which would have been subject to intensive cross-examination as a character witness; Appellant agreed with counsel's decision not to call either witness at trial; and Appellant was not prejudiced by the lack of character witnesses, given the overwhelming evidence presented by the Commonwealth and Appellant's "ludicrous" version of events; (2) trial counsel articulated a reasonable basis for not objecting or requesting a curative instruction about the prosecutor's reference to Appellant's drug selling activity, to avoid calling further attention to it; moreover, Appellant referred to his drug activities in his own testimony; and (3) counsel had no reasonable basis to request DNA tests from the alleged home invaders where there was no meaningful nexus between the shots fired in the home invasion and D.D.'s murder weeks later; also, as a matter of strategy and tactics, counsel did not want to risk having his defense, based upon suggesting that Cory Collins was responsible for D.D.'s murder, backfire by negative DNA test results for Collins).

The PCRA court further noted that because the evidence against Appellant was "overwhelming," (*id.* at 11), and his explanations of the events

were "incredible," (*id.* at 8), Appellant failed to prove that in the absence of any claimed error, the outcome would have been different. *See id.* at 11.

The PCRA court's factual findings are all well supported by the record. Further, we agree with the PCRA court's reasoning, and adopt it as our own. Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/19